THOMAS, J.,
for the court.
¶ 1. Toney Watts pled guilty to uttering a forgery and was sentenced on January 30,1997, to a term of ten years in the custody of the Mississippi Department of Corrections with five years to serve in the RID program and five years under post release supervision. Watts’ probation was revoked on February 12, 1999. Aggrieved he asserts the following:
I. THE COURT ERRED IN DENYING APPELLANT’S RIGHT TO COUNSEL DURING THE REVOCATION HEARING.
II. THE COURT ERRED IN REVOKING APPELLANT’S TEN YEAR SENTENCE PURSUANT TO § 47-7-37 MISSISSIPPI CODE ANNOTATED 1972 AS AMENDED.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Toney Watts pled guilty to one count of uttering a forgery and was sentenced to ten years, five to serve in the RID program and five under post release supervision, as well as a fine and restitution. Watts was formally sentenced in an amended order of conviction on November 7, 1997. Upon completion of the RID program, Watts was released on probation for the remaining five years of his sentence. Watts failed to abide by the terms of his probation, his probation was revoked, and he was sentenced to complete the remaining five years of his sentence in the custody of the Mississippi Department of Corrections. Watts filed a motion for post-conviction relief on March 11, 2002. Watts filed for an out-of-time post-conviction appeal under Mississippi Code Annotated *755 § 99-39-5(2), which was denied. Watts failed to demonstrate that he could overcome the procedural bar of the statute.
ANALYSIS
¶4. The time limitation in issue here is established in the post-conviction relief statutes themselves. When no appeal from a conviction is taken, relief must be sought within three years from the date that the time for taking an appeal expired. Miss.Code Ann. §§ 99-39-5(2) (Supp.2002). The statute waives the time bar when the supreme court of this state or of the United States has handed down a decision that would have changed the outcome of the case, when new and nearly conclusive exculpatory evidence is presented that had not been reasonably discoverable at the time of trial, or when the argument is that the sentence has expired or that probation or parole has been improperly revoked. Id. Scott v. State 791 So.2d 313, 314(¶ 3) (Miss.Ct.App.2001). Watts did not file his post-conviction writ until March 11, 2002.
¶ 5. Watts makes none of the necessary allegations for exemption from the statute of limitations. Watts asserts that his Sixth Amendment right to counsel was violated, but there is no right to counsel at a revocation hearing. Unlike many other proceedings involving those caught up in the criminal justice system, there is no automatic right to counsel at hearings for the revocation of probation. Riely v. State, 562 So.2d 1206, 1209 (Miss.1990). It is true that an exception to procedural bars may be found if a fundamental constitutional right would otherwise be denied. Luckett v. State, 582 So.2d 428, 430 (Miss.1991). Watts’ right to counsel argument does not fall into the exempt category under Mississippi Code Annotated § 99-39-5 (Supp.2000). See also Cole v. State, 608 So.2d 1313, 1319-20 (Miss.1992) (“a state may attach reasonable time limitations to the assertion of federal constitutional rights”). Therefore, the procedural bar is sustained.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.