1 So.3d 917 (2008)
Carl James CAVINESS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01553-COA.
Court of Appeals of Mississippi.
September 16, 2008.
Rehearing Denied February 3, 2009.
*918 Carl James Caviness (pro se), attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., BARNES and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Carl James Caviness appeals the Harrison County Circuit Court's denial of his motion for post-conviction relief. Finding no error, we affirm.

FACTS
¶ 2. Caviness was indicted in three separate indictments. Together, the indictments charged him with two counts of robbery and two counts of armed robbery. On February 15, 1999, Caviness pleaded guilty to the two counts of robbery, a count of robbery reduced from armed robbery, and a count of armed robbery.
¶ 3. The circuit court accepted Caviness's guilty plea and sentenced him to ten years in the custody of the Mississippi Department of Corrections on each of the three robbery counts. Those three counts were ordered to run concurrently. The circuit court sentenced him to an additional ten years on the armed robbery count, with its sentence to run consecutive to the sentences in the robbery counts. The circuit court then suspended thirteen of the total twenty years Caviness was ordered to serve. After Caviness had served seven years of imprisonment, he was ordered to serve three years of post-release supervision. All four convictions and sentences were contained in one judgment of conviction.
¶ 4. Caviness served the appropriate portion of his sentence and was released on the three years of post-release supervision. Shortly after his release, Caviness confessed that he had violated the terms of his post-release supervision. On August 12, 2005, the circuit court entered an order revoking the suspended portion of Caviness's February 15, 1999, sentence.
¶ 5. On April 9, 2007, Caviness filed a motion which requested the circuit court to correct an illegal sentence. The trial court treated Caviness's motion as a motion for post-conviction relief, which the court denied without an evidentiary hearing. In its order, the circuit court stated, "There is nothing illegal about the sentence he received."
¶ 6. Aggrieved, Caviness appeals the circuit court's summary denial of his motion.

ANALYSIS
¶ 7. Essentially, Caviness makes two allegations of error upon appeal: (1) his sentence was in violation of Mississippi law, and (2) his sentence was contrary to the sentence announced in open court.
¶ 8. Prior to addressing Caviness's allegations, we must first address the State's allegation that Caviness's motion *919 for post-conviction relief was time-barred. Mississippi Code Annotated section 99-39-5(2) (Rev.2007) provides that a motion for post-conviction relief shall be made within three years after the entry of the judgment of conviction. Since Caviness filed his motion for post-conviction relief over eight years after the circuit court's entry of conviction, it would appear that the motion is time-barred. However, the statute provides for certain exceptions to the time bar such as:
when the supreme court of this state or of the United States has handed down a decision that would have changed the outcome of the case, when new and nearly conclusive exculpatory evidence is presented that had not been reasonably discoverable at the time of trial, or when the argument is that the sentence has expired or that probation or parole has been improperly revoked.

Watts v. State, 840 So.2d 754, 755(¶ 4) (Miss.Ct.App.2003) (emphasis added); see also Miss.Code Ann. § 99-39-5(2). While Caviness's probation was revoked less than two years prior to the filing of his motion for post-conviction relief, all of his arguments attack the original sentence, not the actual revocation of probation. Therefore, he does not fall within the statutory exception provided by section 99-39-5(2).
¶ 9. However, one exception still exists. A claim that the defendant is serving an illegal sentence is not subject to the time bar "because errors affecting a fundamental constitutional right are excepted from the time bar." Miller v. State, 879 So.2d 1050, 1051(¶ 4) (Miss.Ct.App.2004) (citing Ivy v. State, 731 So.2d 601, 602(¶ 4) (Miss.1999)). Therefore, we will address the first of Caviness's allegations of error because it alleges that the sentence is illegal. The final allegation of error does not make a claim affecting a fundamental constitutional right. Therefore, it is not excepted by the three-year time bar provided in section 99-39-5(2) and is therefore procedurally barred. We now turn to the allegation that survives the procedural bar.
¶ 10. Caviness alleges that the sentence he received was in contravention of Mississippi Code Annotated section 99-19-21(1) (Rev.2007). Section 99-19-21(1) provides that:
When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.
¶ 11. Caviness argues that the circuit court violated section 99-19-21(1) when it combined the robbery sentences with the consecutive armed robbery sentence to create one twenty-year sentence. Caviness admits that the sentencing order does not specifically combine the sentences, but he suggests that the combination can be found in the essence of the sentencing order. He alleges the circuit court combined the sentences when it stated that thirteen years of imprisonment were suspended.
¶ 12. However, the circuit court did not order Caviness to serve a sentence in violation of section 99-19-21(1). The order sentenced Caviness to three ten-year sentences to run concurrent with each other on the three simple robbery convictions. The circuit court then sentenced Caviness to ten years of imprisonment on the armed robbery conviction; however, the armed robbery conviction was ordered to run consecutive to the three simple robbery convictions. The circuit court then suspended three years of the simple robbery sentences and all ten years of the armed robbery sentence. Mississippi Code Annotated section 47-7-33 (Rev.2004) provides *920 the circuit court with the authority to suspend Caviness's sentences in such a manner. In addition, section 99-19-21(1) allows the circuit court to require that the sentences be served concurrently or consecutively. Therefore, the circuit court was correct when it stated that there was nothing illegal in the sentence that Caviness received, and this allegation of error is without merit.
¶ 13. Caviness also claims that his sentence was ambiguous as to which portion of the suspended sentence was contingent upon successful completion of the three years of post-release supervision. He argues that the conditions should only be applied to the suspended portion of the robbery sentence. However, the sentencing order is clear. It states that "the suspension of said sentence is based upon the following conditions ..." The only suspension mentioned in the entire order is the thirteen years spread among the robbery and armed robbery sentences. Therefore, it is clear that the entire suspended sentence was subject to the conditions. Therefore, this allegation of error is also without merit.
¶ 14. Since the only issue that overcomes the time bar is without merit, the judgment of the circuit court is affirmed.
¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION.
ROBERTS, J., specially concurring:
¶ 16. While I agree with the majority's reasoning and resolution of the issues in this case, I write separately in an attempt to persuade those on the trial bench to be more deliberate and exact when drafting sentencing orders of their court. As stated by the majority, Caviness was charged with two counts of robbery and two counts of armed robbery over three separate indictments. He ultimately pled guilty to three counts of simple robbery and one count of armed robbery, and the sentences he received for all four charges were contained in one sentencing order. Specifically, Caviness was sentenced to ten years on each robbery conviction and ten years on the armed robbery conviction. The order specified that the three ten-year sentences for robbery were to be served concurrently to one another and consecutive to the ten-year sentence for armed robbery. Further, the trial court suspended thirteen years leaving seven to serve. Finally, the trial court ordered Caviness to serve three years of post-release supervision (PRS) upon discharge from his initial seven-year term of imprisonment.
¶ 17. The familiar adage, "bad facts make bad law," can be equally applied to the review of unclear sentencing orders from a court. Rule 7.07 of the Uniform Rules of Circuit and County Court requires that a trial court impose separate sentences upon a defendant for each conviction stemming from a multi-count indictment. URCCC 7.07(D).[1] At least one reason for this is to avoid confusion and ambiguity surrounding obligations of imprisonment and supervision that convicted defendants receive  the effects of which *921 can plague the defendant and the legal system for years to come.
¶ 18. One example of the confusion that can occur soon after the defendant receives the sentence is when the Mississippi Department of Corrections (MDOC) is required to decipher the trial court's order. Using the sentence in the instant case as an example, because all four sentences were lumped into one order, it is not completely clear which ten-year sentence was totally suspended  the three concurrent sentences for robbery or the sentence for armed robbery. The import of the distinction in this case is that the ten-year sentence for armed robbery prohibits parole eligibility, earned time, and other administrative reductions. See Miss.Code Ann. §§ 47-7-3(1)(d)(I) (Rev.2004); 47-5-139(1)(e) (Rev.2004). Thus, officials at the MDOC must decide which sentence is suspended, which sentence to apply credit to for time served in accordance with Mississippi Code Annotated section 99-19-23 (Rev.2007) and, by extension, ultimately decide which sentence Caviness would serve if he violated the conditions of his PRS.
¶ 19. Another example could occur later in the life of a defendant's sentence when the defendant files a motion for post-conviction collateral relief (PCR) pursuant to Mississippi Code Annotated sections 99-39-1 to -29 (Rev.2007). Section 99-39-9(2) states that a defendant's motion for PCR may only seek relief from one judgment. While the instant case involves only one sentencing order, it contains four separate sentences based upon four separate guilty pleas. Such a situation could have easily led to a motion for PCR containing issues surrounding the voluntariness of each plea and legality of each sentence. Depending on the specific facts of a similarly situated case, and the interpretation afforded to them, a motion for PCR involving all pleas and sentences could be deemed a violation of section 99-39-9(2) and dismissed. Thus, such a determination could potentially strip a defendant of his final right of redress.
¶ 20. As I stated above, my intention in writing separately is to remind trial judges of the lasting effect of their sentencing orders and of the necessity to "get it right" the first time. Because the record in this case is adequate for me to conclude that Caviness's sentencing order was correctly interpreted by the MDOC as three concurrent ten-year sentences for simple robbery, with three years suspended, and one consecutive ten-year sentence for armed robbery, with the entirety of the sentence suspended, I concur with the majority. Obviously, continued suspension of the simple robbery sentences, as well as the consecutive armed robbery sentence, were contingent on Caviness's obedience to the conditions of his PRS. Regrettably for Caviness, he was unable or unwilling to obey those conditions. With the assistance of counsel, he admitted such before the trial judge.
NOTES
[1] One of Caviness's indictments was multi-count.