868 So.2d 1067 (2004)
Adrian T. TENNER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CA-01965-COA.
Court of Appeals of Mississippi.
March 23, 2004.
*1068 Melvin G. Cooper, Biloxi, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before SOUTHWICK, P.J., LEE and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Adrian Tenner entered a guilty plea to a charge of aggravated assault. Subsequently, Tenner petitioned for post-conviction relief. The relief was denied. On appeal, Tenner argues that his plea was not voluntarily or intelligently given and his representation by counsel was ineffective. We find no error and affirm.
¶ 2. In April 2001, Tenner was indicted for aggravated assault. He was tried in October 2001 and found guilty. He was sentenced to twelve years in prison, with four years suspended. Tenner filed a timely motion for a new trial, alleging that the jury verdict was tainted because the jurors were not given food after two requests during deliberation. In May 2002, the court after a hearing ordered a new trial. At the same hearing, Tenner withdrew his not guilty plea and pled guilty. This time he was sentenced to a term of eight years' imprisonment, with four years suspended.
¶ 3. In January 2003, Tenner filed for post-conviction relief. The trial court denied relief without a hearing. On appeal, Tenner raises two issues. He claims that his guilty plea was coerced and involuntarily and unintelligently entered. He also asserts that his trial counsel was ineffective.

DISCUSSION

1. Guilty Plea
¶ 4. In support of his allegation that his plea was coerced, Tenner relies upon a request that he made to his attorney to have his mother present when the plea agreement was reviewed. He states that he was rushed into a guilty plea when his attorney said that otherwise he would receive the maximum sentence. Tenner *1069 offers the affidavits of his mother and himself.
¶ 5. Within this argument, Tenner implies that he was incompetent to make a decision regarding entering a plea. He offers records of attendance in a special education program and of an academic assessment by the Jefferson County School District. The assessment was performed on March 10, 1993, when Tenner was thirteen years old and in the eighth grade. The assessment indicates that Tenner demonstrated significant academic or developmental deficits in the areas of reading, math, English, science, and social studies. The assessment revealed a performance level of less than the third grade, a verbal IQ of 74, a performance IQ of 80, and a full scale IQ of 75. This assessment was performed almost nine years before Tenner entered a guilty plea in May 2002.
¶ 6. A plea is considered "voluntary and intelligent" if the defendant knows the elements of the charge against him, understands the charge's relation to him, what effect the plea will have, and what sentence the plea may bring. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The plea petition enumerates the rights that Tenner waived upon signing the plea. This petition was signed and sworn to by Tenner.
¶ 7. At the plea hearing, the trial judge inquired at some length into Tenner's competency. The judge informed Tenner about the rights he would be waiving if he pled guilty. He was told of the minimum and maximum sentences that could be imposed. Tenner acknowledged that he understood. He stated that he was not under the influence of any type of drug or alcohol and had not been offered anything to plead guilty nor threatened into entering his plea. Statements such as these made in open court under oath are viewed as highly credible. Gable v. State, 748 So.2d 703, 706 (Miss.1999). These statements along with the plea petition contradict Tenner's claim that his plea was involuntarily and unintelligently entered. We find no error here.

2. Competence
¶ 8. The evidence of Tenner's lower than average intelligence causes us to address the issue of competency. The competency to enter a plea of guilty is measured by the same standard as assessing competency to stand trial. Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The State has a duty to show that the defendant has a rational understanding of the charges against him and the ability to assist his lawyer in designing a defense. Id. at 396, 113 S.Ct. 2680.
¶ 9. During the plea colloquy, Tenner assured the judge that he understood the questions. Neither he nor his attorney raised an issue of competency. Tenner's post-conviction offering of the special education records and assessment from the school district does not create an issue of competency. Magee v. State, 752 So.2d 1100, 1102 (Miss.Ct.App.1999). There is no requirement that a person possess a certain intelligence level as measured by IQ testing or have participated in a certain curriculum in order to enter a guilty plea. Id. Instead, the determination that a plea is offered knowingly and voluntarily is an issue for investigation in each case. We find nothing in the record to indicate that Tenner was incompetent to enter a guilty plea.

3. Ineffective assistance of counsel
¶ 10. In determining whether Tenner received ineffective assistance of counsel, he must demonstrate that his attorney's performance was defective and that this deficiency deprived him of a fair trial. *1070 Moore v. State, 676 So.2d 244, 246 (Miss. 1996). We measure any alleged deficiency within the totality of the circumstances. There is a wide area of reasonable professional assistance and it is presumed that the attorney's conduct was adequate. Id.
¶ 11. Tenner claims that his attorney did not advise him of his plea agreement, spent only three minutes with him before the plea, and coerced him into pleading guilty by failing to allow his mother to participate in discussions. Tenner offers affidavits from his mother and himself that the mother was not allowed to participate. Tenner argues that since his motion for new trial was not contested, he would not have voluntarily pled guilty to an eight year sentence with four years suspended where he had served time prior to and subsequent to trial. We note that his initial sentence required that he serve eight years, and after his guilty plea, that was cut in half to four years.
¶ 12. At the May 2002 plea hearing, Tenner affirmed to the court that he was pleased with his attorney's representation of his case. He also told the judge that his lawyer had explained all the law related to the aggravated assault offense and any possible defenses. Tenner affirmed that there was no problem with his attorney and that the decision to enter a guilty plea was his.
¶ 13. As to his claims of misunderstanding and coercion, Tenner's sworn statements in both his petition to enter a guilty plea and during the plea hearing indicate otherwise. For post-conviction relief on an argument such as this, Tenner must provide more than his own pleadings. Vielee v. State, 653 So.2d 920, 922 (Miss. 1995). Tenner has not met his burden. The affidavits offered by Tenner and his mother, which assert that the attorney would not permit the mother's joining the discussion between attorney and client, do not prove constitutional deficiency.
¶ 14. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.