[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 640 
 FACTS AND PROCEDURAL HISTORY ¶ 1. Michael Trice was indicted for sale of cocaine on October 19, 2004. On February 6, 2006, Trice entered a plea of guilty in the Circuit Court of Lee County to the sale of cocaine. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections with fifteen years suspended and ordered to pay a fine of $5,000 plus court costs.
 ¶ 2. Trice filed a motion for post-conviction relief which was denied by the trial court. Trice now appeals the denial of his motion for post-conviction relief citing the following issues: (1) the trial court erred in denying his motion for post-conviction relief without conducting an evidentiary hearing, (2) his plea of guilty was not entered into voluntarily and intelligently, (3) the plea of guilty did not waive his right to a speedy trial, (4) fraudulent indictment, (5) misconduct and fabrication of evidence by the prosecution, and (6) ineffective assistance of counsel.
 ¶ 3. Finding no error, we affirm.
 STANDARD OF REVIEW ¶ 4. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v.State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App. 2002).
 DISCUSSION I. DID THE TRIAL COURT ERR IN DENYING TRICE'S MOTION FOR POST-CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING?
 ¶ 5. Trice argues that the trial court erred in dismissing his motion for post-conviction relief without ordering an evidentiary hearing. In order to warrant an evidentiary hearing, Trice must allege "facts which require further inquiry in the expanded setting of an evidentiary hearing." Myers v.State, 583 So.2d 174, 175 (Miss. 1991). Trice alleges no facts which would warrant an evidentiary hearing. In this section of his brief, he argues that his attorney coerced him into stating at his plea hearing that he understood his sentence and was satisfied with his attorney's representation. He also alleges that his attorney conspired with the assistant district attorney and a narcotics agent in coercing him to plead guilty. No evidence of this activity appears in the record besides Trice's allegations. Regardless, no facts are presented that warrant an evidentiary hearing.
 ¶ 6. We find Issue I to be without merit. *Page 641 
II. WAS TRICE'S PLEA OF GUILTY COERCED?
 ¶ 7. Trice argues that his plea of guilty was prompted by threats and promises of leniency by certain law enforcement personnel. However, Trice's sworn statements in both his petition to enter a guilty plea and during the plea hearing indicate that his plea was not coerced. For post-conviction relief on an argument such as this, Trice must provide more than his own pleadings. Vielee v. State, 653 So.2d 920, 922
(Miss. 1995). Trice has not met his burden. The only evidence Trice presented to support his argument that his guilty plea was coerced was an affidavit from a family member reciting what Trice alleged happened.
 ¶ 8. Trice acknowledged under oath in his plea colloquy that the plea agreement was the one that his attorney explained to him that the State would make, and that he entered into it freely and voluntarily. It is well settled that solemn declarations in court carry a strong presumption of verity.Gable v. State, 748 So.2d 703, 706 (¶ 11) (Miss. 1999). This presumption has been held to apply to plea petitions. Ward v. State, 879 So.2d 452, 455 (¶ 11) (Miss.Ct.App. 2003).
 ¶ 9. We find this issue to be without merit.
III. WAS TRICE'S RIGHT TO A SPEEDY TRIAL VIOLATED?
 ¶ 10. Trice next argues that his right to a speedy trial was violated. However, we find this issue without merit since Trice waived his right to a trial when he pled guilty to the sale of cocaine. Jones v. State, 747 So.2d 249, 251 (¶ 7) (Miss. 1999).
IV. WAS THE INDICTMENT FRAUDULENT?
 ¶ 11. Trice suggests that the indictment against him was fraudulent because it was forged. No evidence appears in the record that the indictment was forged. His claim is that the indictment indicates that it was returned by the November 2004 term of the grand jury, yet the document was filed in October 2004. Despite the discrepancy in dates, there is nothing to suggest that the indictment was defective or fraudulent. It is possible that the grand jury was empaneled in October which would explain why the indictment was dated for that month.
 ¶ 12. Next, Trice argues that the indictment was defective because it did not state the statute under which he was charged. This argument fails since it is not necessary for an indictment to state a specific statute under which a defendant is charged. An indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense. Gilmerv. State, 955 So.2d 829, 836-37 (¶ 24) (Miss. 2007). The indictment against Trice clearly set out the elements of the crime with which he was charged.
 ¶ 13. Under this issue, Trice argues that the trial court lacked subject matter jurisdiction to proceed with the indictment. However, Trice waived any non-jurisdictional defects in the indictment when he entered his plea of guilty.Reeder v. State, 783 So.2d 711, 720 (¶ 36) (Miss. 2001).
 ¶ 14. We find Issue IV to be without merit.
V. DID THE STATE EVIDENCE? FABRICATE
 ¶ 15. Trice asserts that his attorney failed to disclose certain exculpatory evidence. *Page 642 
Trice refers to a videotape of the sale of the cocaine. It appears from the record that Trice viewed the videotape. Thus, it does not appear that the State failed to disclose exculpatory evidence. Trice also asserts that the State inserted two twenty dollar bills into the video which he claims were not there in reality. No evidence was presented that the video was altered in any way. We find this issue without merit.
VI. WAS TRICE'S TRIAL COUNSEL INEFFECTIVE?
 ¶ 16. In his last issue on appeal, Trice asserts that his attorney failed to read materials given in discovery and that the evidence admitted against him was insufficient to support a guilty verdict. Trice also asserts that his attorney failed to file certain motions.
 ¶ 17. To prove ineffective assistance of counsel, Trice must demonstrate that his attorney's performance was defective and that this deficiency deprived him of a fair trial. Tenner v.State, 868 So.2d 1067, 1069(1110) (Miss.Ct.App. 2004). The burden of proof rests with the claimant, and we will measure the alleged deficiency within the totality of the circumstances.Hiter v. State, 660 So.2d 961, 965 (Miss. 1995). However, a presumption exists that the attorney's conduct was adequate. Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss. 2001).
 ¶ 18. Trice stated during the plea colloquy that he was satisfied with his attorney's performance. No indication appears in the record that Trice's attorney inaccurately advised him concerning his sentence. Further, Trice waived his right to trial when he pled guilty and cannot now assert that there was insufficient evidence to support a guilty verdict. As for the failure by his attorney to file certain motions, Trice does not indicate what motions might have been filed or the likelihood of the success of such motions.
 ¶ 19. We find this final issue to be without merit.
 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTYDENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THISAPPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., concur.