KING, C.J.,
for the Court.
¶ 1. Carl James Caviness appeals the Harrison County Circuit Court’s denial of his motion for post-conviction relief. Finding no error, we affirm.
FACTS
¶ 2. Caviness was indicted in three separate indictments. Together, the indictments charged him with two counts of robbery and two counts of armed robbery. On February 15, 1999, Caviness pleaded guilty to the two counts of robbery, a count of robbery reduced from armed robbery, and a count of armed robbery.
¶ 3. The circuit court accepted Caviness’s guilty plea and sentenced him to ten years in the custody of the Mississippi Department of Corrections on each of the three robbery counts. Those three counts were ordered to run concurrently. The circuit court sentenced him to an additional ten years on the armed robbery count, with its sentence to run consecutive to the sentences in the robbery counts. The circuit court then suspended thirteen of the total twenty years Caviness was ordered to serve. After Caviness had served seven years of imprisonment, he was ordered to serve three years of post-release supervision. All four convictions and sentences were contained in one judgment of conviction.
¶ 4. Caviness served the appropriate portion of his sentence and was released on the three years of post-release supervision. Shortly after his release, Caviness confessed that he had violated the terms of his post-release supervision. On August 12, 2005, the circuit court entered an order revoking the suspended portion of Caviness’s February 15,1999, sentence.
¶ 5. On April 9, 2007, Caviness filed a motion which requested the circuit court to correct an illegal sentence. The trial court treated Caviness’s motion as a motion for post-conviction relief, which the court denied without an evidentiary hearing. In its order, the circuit court stated, “There is nothing illegal about the sentence he received.”
¶ 6. Aggrieved, Caviness appeals the circuit court’s summary denial of his motion.
ANALYSIS
¶ 7. Essentially, Caviness makes two allegations of error upon appeal: (1) his sentence was in violation of Mississippi law, and (2) his sentence was contrary to the sentence announced in open court.
¶ 8. Prior to addressing Caviness’s allegations, we must first address the State’s allegation that Caviness’s mo *919 tion for post-conviction relief was time-barred. Mississippi Code Annotated section 99-39-5(2) (Rev.2007) provides that a motion for post-conviction relief shall be made within three years after the entry of the judgment of conviction. Since Caviness filed his motion for post-conviction relief over eight years after the circuit court’s entry of conviction, it would appear that the motion is time-barred. However, the statute provides for certain exceptions to the time bar such as:
when the supreme court of this state or of the United States has handed down a decision that would have changed the outcome of the case, when new and nearly conclusive exculpatory evidence is presented that had not been reasonably discoverable at the time of trial, or when the argument is that the sentence has expired or that probation or parole has been improperly revoked.
Watts v. State, 840 So.2d 754, 755(¶4) (Miss.Ct.App.2003) (emphasis added); see also Miss.Code Ann. § 99-39-5(2). While Caviness’s probation was revoked less than two years prior to the filing of his motion for post-conviction relief, all of his arguments attack the original sentence, not the actual revocation of probation. Therefore, he does not fall within the statutory exception provided by section 99-39-5(2).
¶ 9. However, one exception still exists. A claim that the defendant is serving an illegal sentence is not subject to the time bar “because errors affecting a fundamental constitutional right are excepted from the time bar.” Miller v. State, 879 So.2d 1050, 1051(¶ 4) (Miss.Ct.App.2004) (citing Ivy v. State, 731 So.2d 601, 602(¶ 4) (Miss.1999)). Therefore, we will address the first of Caviness’s allegations of error because it alleges that the sentence is illegal. The final allegation of error does not make a claim affecting a fundamental constitutional right. Therefore, it is not excepted by the three-year time bar provided in section 99-39-5(2) and is therefore procedurally barred. We now turn to the allegation that survives the procedural bar.
¶ 10. Caviness alleges that the sentence he received was in contravention of Mississippi Code Annotated section 99-19-21(1) (Rev.2007). Section 99-19-21(1) provides that:
When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.
¶ 11. Caviness argues that the circuit court violated section 99-19-21(1) when it combined the robbery sentences with the consecutive armed robbery sentence to create one twenty-year sentence. Caviness admits that the sentencing order does not specifically combine the sentences, but he suggests that the combination can be found in the essence of the sentencing order. He alleges the circuit court combined the sentences when it stated that thirteen years of imprisonment were suspended.
¶ 12. However, the circuit court did not order Caviness to serve a sentence in violation of section 99-19-21(1). The order sentenced Caviness to three ten-year sentences to run concurrent with each other on the three simple robbery convictions. The circuit court then sentenced Caviness to ten years of imprisonment on the armed robbery conviction; however, the armed robbery conviction was ordered to run consecutive to the three simple robbery convictions. The circuit court then suspended three years of the simple robbery sentences and all ten years of the armed robbery sentence. Mississippi Code Annotated section 47-7-33 (Rev.2004) provides *920 the circuit court with the authority to suspend Caviness’s sentences in such a manner. In addition, section 99-19-21(1) allows the circuit court to require that the sentences be served concurrently or consecutively. Therefore, the circuit court was correct when it stated that there was nothing illegal in the sentence that Caviness received, and this allegation of error is without merit.
¶ 13. Caviness also claims that his sentence was ambiguous as to which portion of the suspended sentence was contingent upon successful completion of the three years of post-release supervision. He argues that the conditions should only be applied to the suspended portion of the robbery sentence. However, the sentencing order is clear. It states that “the suspension of said sentence is based upon the following conditions ...” The only suspension mentioned in the entire order is the thirteen years spread among the robbery and armed robbery sentences. Therefore, it is clear that the entire suspended sentence was subject to the conditions. Therefore, this allegation of error is also without merit.
¶ 14. Since the only issue that overcomes the time bar is without merit, the judgment of the circuit court is affirmed.
¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION.