KING, C.J.,
dissenting.
¶ 30. I dissent from the majority opinion herein.
¶ 31. Robert Rowland filed a request for post-conviction relief in the Washington County Circuit Court, alleging that he had been subjected to double jeopardy. Rowland argued that the circuit court imposed upon him separate sentences for capital murder, as well as separate sentences for the armed robberies that were the underlying offenses of the capital murders. The circuit court summarily denied Rowland’s request as barred by the three-year statute of limitations established by our post-conviction relief statutes. Rowland has appealed that summary denial, and asks this Court to hold that he be accorded at least an evidentiary hearing on the substantive basis of his request.
¶ 32. The majority denies Rowland’s request for an evidentiary hearing and merely affirms the actions of the circuit court. The majority, while inferring that Rowland was subjected to double jeopardy, finds that Rowland waived his claim to be free from double jeopardy and is, thus, procedurally barred from now raising the issue and affirms. If Rowland’s sentences are in violation of the fundamental constitutional prohibition against double jeopardy, then they are illegal and would be excepted from the three-year statute of limitations.
¶ 33. Believing the action taken by the majority to be error, I dissent.
¶ 34. The Mississippi Supreme Court has held that where it is necessary to protect fundamental rights, the procedural bar may not apply to a motion for post-conviction relief. Sneed v. State, 722 So.2d 1255, 1257(¶ 11) (Miss.1998). “The right to be free from an illegal sentence has been found to be fundamental.” Id. A claim that the defendant is serving an illegal sentence is not subject to the time bar “because errors affecting a fundamental constitutional right are excepted from the time bar.” Caviness v. State, 1 So.3d 917, 919(¶ 9) (Miss.Ct.App.2008) (quoting Miller v. State, 879 So.2d 1050, 1051(¶4) (Miss.Ct.App.2004)).
¶ 35. However, I would note at the outset of this dissent that the appellate courts of this State have not been consistent in their use and application of the procedural bar. The inconsistencies in the application of the procedural bar, would in my judgment, suggest that this Court should not apply the procedural bar, but rather given the very scant record, remand this matter to the circuit court for an evidentiary hearing.
¶ 36. While holding that fundamental rights may be excepted from the imposition of a procedural bar, our appellate courts have failed to provide specific direction as to when the protection of a fundamental right should preclude the application of a procedural bar. Indeed, while identifying some rights as fundamental, there has been little, if any, guidance as to when the courts should except a procedural bar in order to protect a fundamental right. This failure to provide guidance as to the use of the exception to a procedural bar makes the process near arbitrary and capricious.
¶ 37. The law is abundantly clear that a defendant charged with capital murder may not lawfully be convicted and sentenced for both the crime of capital murder and the underlying felony which elevated the homicide to capital murder. Meeks v. State, 604 So.2d 748, 751-54 (Miss.1992); see Jones v. Thomas, 491 U.S. 376, 381, 109 S.Ct. 2522, 105 L.Ed.2d *555 322 (1989). To punish a defendant for capital murder and the underlying felony that causes it to be capital murder is offensive to and in violation of the double jeopardy provisions of the United States and Mississippi Constitutions. See Graves v. State, 969 So.2d 845, 847(¶ 7) (Miss.2007). “[T]he protection against double jeopardy is a fundamental right.” Id. at 846-47(¶ 6). “Errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration.... ” Luckett v. State, 582 So.2d 428, 430 (Miss.1991); see Read v. State, 430 So.2d 832, 837 (Miss.1983).
¶ 38. Rowland’s claim that his right to be protected from an illegal sentence caused by double jeopardy is a fundamental right which the courts are required to give due consideration. Consistent with the holding in Luckett, Rowland’s argument that his sentence is illegal should be addressed on its merits. Kennedy v. State, 732 So.2d 184, 186(¶ 8) (Miss.1999). Accordingly, I believe that Rowland was entitled to an evidentiary hearing to determine whether he was, in fact, subjected to double jeopardy.
1! 39. The majority suggests that because this is an old case, the logistical problems involved require that no relief be given to Rowland. The majority states:
The underlying crimes occurred more than thirty years ago. Rowland waited twenty-five years after the enactment of the MUPCCRA to file his motion. All of the evidence has very likely disappeared or been lost. The innocent victims, witnesses, district attorney, trial judge, court reporter, and other necessary witnesses have probably died, moved, or disappeared. Normally, a litigant who successfully obtains post-conviction relief and has his guilty plea and sentence invalidated is restored to the status he enjoyed prior to his plea. The state may place such a defendant on trial for the original charge in the grand jury indictment. As a practical matter, it is very likely now impossible for the State to prosecute Rowland on any crimes that arose from the underlying facts.
The majority appears to be a bit disingenuous with this suggestion, as that is not the issue before this Court. Additionally, the majority’s suggestion of potential difficulty is not an appropriate standard by which to determine whether , or not Rowland should have received an evidentiary hearing. If after an evidentiary hearing, it were determined that Rowland had imposed upon him separate punishments for both the capital murders and the underlying offenses (armed robberies) which made the crimes capital murders, the court would vacate the armed robbery convictions and sentences. That action would have no impact upon the validity or status of the convictions and sentences for capital murder.
¶ 40. The majority argues that Rowland has suffered no actual prejudice; therefore, the procedural bar should not be excepted. The majority states that:
Rowland bargained to avoid two death sentences. He got exactly that for which he bargained. It is possible, if not likely, that through counsel Rowland chose to waive his rights against double jeopardy regardless of the fact that the pleas could be considered violations of the prohibition against double jeopardy. It is certainly within the realm of possibilities, if not probabilities, that Rowland willingly waived his double jeopardy protection in exchange for avoidance of two death sentences — especially since during the plea colloquy and prior to sentencing, the circuit court asked Rowland’s attorney whether he had gone *556 over all of Rowland’s constitutional rights and whether he understood the rights he was waiving. In Rowland’s presence, his attorney responded “[y]es, sir.”
¶ 41. There is nothing in the record before this Court to support these assumptions. Rather than engage in rank speculation, the appropriate course would be to have an evidentiary hearing conducted by the circuit court.
¶ 42. The majority’s suggestion that the plea colloquy supports its finding that Rowland was informed by his attorney of the protection against double jeopardy and waived that protection is not only merely rank speculation, it is also totally devoid of logic. When Rowland entered his plea, Mississippi had not adopted procedural rules indicating what was required for a valid guilty plea. However, in 1969, the United States Supreme Court decided Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In Boykin, the Court provided that for a guilty plea to be valid, the record must reflect that the defendant was informed of (1) the privilege against self-incrimination guaranteed by the Fifth and Fourteenth Amendments, (2) the right to a jury trial, and (3) the right of confrontation. Id. at 243, 89 S.Ct. 1709. Mississippi was bound by and followed the minimum requirements established by Boykin to determine whether a guilty plea was valid. Alexander v. State, 226 So.2d 905, 909 (Miss.1969). A discussion of double jeopardy has never been listed as one of the required discussion items for a valid guilty plea. As such, it is totally illogical to even infer that the plea colloquy establishes any discussion of or a waiver of double jeopardy.
¶ 43. Under some circumstances, it may be true that one who receives an illegal sentence that is lenient may not suffer prejudice. However, a person who is twice punished for the same offense does suffer very real prejudice. If Rowland is twice serving time for the same offense, as he alleges and the limited record before us appears to so indicate, then he has suffered prejudice.
¶44. The matters raised by Rowland are of sufficient gravity to require the granting of an evidentiary hearing for their substantive consideration. This Court does not have before it a record that is sufficient to resolve the merits of this matter. Therefore, I believe that the appropriate course of action is to reverse the judgment of the circuit court and remand the case to the circuit court with instructions to conduct an evidentiary hearing and afterwards rule on the double jeopardy/illegal sentence claim of Rowland. For these reasons, I dissent and would remand for an evidentiary hearing.
BARNES, ISHEE AND CARLTON, JJ., JOIN THIS OPINION.