MYERS, P.J.,
 

 for the Court:
 

 ¶ 1. Tawrence Amos pleaded guilty in the Winston County Circuit Court to unauthorized possession of contraband in a correctional facility, in violation Mississippi Code Annotated section 47-5-193 (Supp. 2009). Amos later filed a motion in the circuit court for post-conviction relief (PCR), in which he claimed he was charged under the wrong statute. Finding no merit to this claim, the circuit court denied Amos’s PCR motion. We affirm the circuit court’s judgment.
 

 FACTS
 

 ¶ 2. In July 2008, Amos, an inmate at the Winston-Choctaw Regional Correctional Facility located in Winston County, Mississippi, was placed in “lockdown” for allegedly threatening another inmate. While in lockdown, correctional officers conducted a search of Amos’s possessions. During
 
 *1059
 
 their search, they found fifteen twenty-dollar bills, one ten-dollar bill, and one five-dollar bill ($315) among Amos’s possessions.
 

 ¶ 3. Amos was indicted and charged with the violation of section 47-5-193, which provides, in part, the following: “It is unlawful for any ... offender to possess, furnish, attempt to furnish, or assist in furnishing to any offender confined in this state any ... contraband item.”
 

 ¶ 4. Amos petitioned the circuit court to enter a guilty plea. The circuit court accepted Amos’s guilty plea after determining that there was a factual basis for the guilty plea and that the plea was voluntarily and intelligently made. The circuit court sentenced Amos to three years in the custody of the Mississippi Department of Corrections, and it ordered Amos to pay a $315 fine.
 

 ¶ 5. Amos thereafter filed a PCR motion in the circuit court, in which he claimed his conviction was based on a defective indictment, which thereby made his sentence illegal. Amos averred that his indictment erroneously listed section 47-5-193, rather than Mississippi Code Annotated section 47-5-194 (Rev.2004). He argued that because “money” was found among his possessions, he should have been charged under section 47-5-194, which specifically refers to “coin or currency.”
 
 [1]
 
 Instead, he was charged under section 47-5-193, which does not mention “coin or currency.”
 

 ¶ 6. The circuit court denied Amos’s PCR motion. According to the circuit court, both sections were applicable to the facts set forth in Amos’s indictment. Also, Amos had sufficient notice of the factual basis of the charge, as substantiated by the plea colloquy wherein he admitted the facts contained in the indictment. Moreover, when Amos petitioned the circuit court to enter a plea of guilty, he stated in his petition that he wished to plead guilty to section 47-5-194.
 

 ¶ 7. Feeling aggrieved, Amos appeals.
 

 STANDARD OF REVIEW
 

 ¶ 8. When reviewing the trial court’s decision to deny a PCR motion, we will not disturb the lower court’s factual findings unless they are found to be clearly erroneous.
 
 Moore v. State,
 
 986 So.2d 928, 932 (¶ 13) (Miss.2008). The applicable standard of review pertaining to questions of law is de novo.
 
 Id.
 

 DISCUSSION
 

 ¶ 9. Amos reasserts on appeal the above-mentioned argument he made in support of his PCR motion.
 

 ¶ 10. The purpose of an indictment is to provide defendants notice and a reasonable description of the charges against them so that they may prepare a defense.
 
 Williams v. State,
 
 445 So.2d 798, 804 (Miss.1984). In this regard, the indictment is required to have only a clear and concise statement of the elements of the crime charged, nothing more.
 
 Id.; see also Trice v. State,
 
 992 So.2d 638, 641 (¶ 12) (Miss.Ct.App.2007) (“[I]t is not necessary for an indictment to state a specific statute under which a defendant is charged”). When this requirement is met, an erroneous citation to a statute number has been considered by this Court to be merely surplusage and not prejudicial to the defendant.
 
 Evans v. State,
 
 916 So.2d
 
 *1060
 
 550, 552 (¶ 6) (Miss.Ct.App.2005) (citing
 
 White v. State,
 
 169 Miss. 332, 332, 153 So. 387, 388 (1934)).
 

 ¶ 11. Here, there was no such error. Based on the substance of Amos’s indictment, either section 47-5-193 or section 47-5-194 could have been listed.
 

 ¶ 12. According to the indictment, “Amos[,] an offender incarcerated in the Winston-Choctaw ... Regional Correctional Facility, on or about July 16, 2008, in Winston County, Mississippi!),] ... did wilfully, unlawfully, feloniously and without authority have in his possession a contraband item, to-wit: three[-]hundred[-]fifteen dollars ($315.00) in United States currency, in violation of section 47-5-193.... ”
 

 ¶ 13. As previously mentioned, section 47-5-193 expressly prohibits inmates from possessing “contraband items.” The term “contraband” is defined by Mississippi Code Annotated section 47-5-191 (Rev. 2004) to mean, among other things, “coin or currency.” Section 47-5-194 reiterates — expressly so — that inmates are prohibited from possessing “coin or currency.” Both sections 47-5-193 and 47-5-194 carry the same potential punishment.
 
 See
 
 Miss.Code Ann. § 47-5-195 (Rev. 2004).
 

 ¶ 14. This issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Section 47-5-194 reads, in pertinent part, as follows:
 

 (1) It is unlawful for any offender committed to the department to possess:
 

 (a) Coin or currency on his person or in premises assigned to him or under his control!.]