MYERS, J.,
for the Court:
¶ 1. Carl James Caviness appeals from the Harrison County Circuit Court’s denial of his motion for post-conviction relief (PCR). Finding no error, we affirm.
FACTS
¶2. On February 15, 1999, Caviness pleaded guilty to one count of armed robbery and to three counts of simple robbery (one of armed-robbery counts having been reduced). The circuit court sentenced Ca-viness to ten years in the custody of the Mississippi Department of Corrections on the three simple-robbery counts, with each count to run concurrently with one another. The circuit court sentenced Caviness to ten years on the armed-robbery count, with its sentence to run consecutively to the three simple-robbery counts.. The circuit court suspended thirteen of the total twenty years Caviness was ordered to serve, and Caviness was ordered to serve three years of post-release supervision (PRS) upon his release.
¶ 3. After serving seven years of his sentence, Caviness was released on the three years of PRS. Shortly after his release, Caviness violated the terms of his PRS. On August 12, 2005, the circuit court entered an order revoking the thirteen-year suspended portion of Caviness’s February 15,1999 sentence.
¶4. On April 9, 2007, Caviness filed a motion requesting the circuit court to correct an illegal sentence. The circuit court treated Caviness’s motion as a PCR motion and denied the motion without an evidentiary hearing. Caviness thereafter appealed, and this Court, in Caviness v. State, 1 So.3d 917, 920 (¶ 14) (Miss.Ct.App.2008), affirmed the circuit court’s judgment. We found that the circuit court had suspended three years of the simple-robbery sentences and all ten years of the armed-robbery sentence, and Mississippi Code Annotated section 47-7-33 (Rev. 2004) provided the circuit court with the authority to suspend Caviness’s sentences in such a manner. Caviness, 1 So.3d at 919-20 (¶ 12).
¶ 5. On June 10, 2009, Caviness filed another PCR motion again claiming that his sentence was ambiguous and, thus, illegal. He also claimed that: the sentence was contrary to the sentence pronounced at the conclusion of his guilty-plea hearing; his attorney was ineffective; and the plea bargain was breached. Caviness did not challenge the actual revocation of his sus *768 pended sentence. The circuit court denied the motion, and this appeal followed.
STANDARD OF REVIEW
¶ 6. “When reviewing the trial court’s decision to deny a PCR motion, we will not disturb the lower court’s factual findings unless they are found to be clearly erroneous.” Amos v. State, 44 So.3d 1058, 1059 (¶ 8) (Miss.Ct.App.2010) (citing Moore v. State, 986 So.2d 928, 932 (¶ 13) (Miss.2008)). We review questions of law de novo. Id.
DISCUSSION
¶ 7. In Caviness, 1 So.3d at 920 (¶¶ 13-14), we addressed and ruled on Ca-viness’s claim that his sentence is ambiguous. Thus, the issue may not be reconsidered here. See, e.g., Boyd v. State, 801 So.2d 691, 694 (¶ 9) (Miss.2001).
¶ 8. As to Caviness’s other claims, Mississippi Code Annotated section 99-39-5(2) (Supp.2010) provides that a motion for post-conviction relief shall be made within three years after the entry of the judgment of conviction. We find that each of these claims could and should have been raised within the three-year period after the entry of Caviness’s conviction in 1999. Accordingly, we hold that each claim is time-barred. Miss.Code Ann. § 99-39-5(2). Therefore, we affirm the circuit court’s judgment.
¶ 9. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.