# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00762-COA

**J. C. HIGGINBOTHAM**                                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/12/2019 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. C. HIGGINBOTHAM (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/17/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., LAWRENCE AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     J. C. Higginbotham pled guilty to capital murder and was sentenced to life without parole. Following his plea, Higginbotham filed a petition for postconviction relief (PCR), alleging constitutional due process violations. The petition was denied, and the denial was affirmed on appeal. Higginbotham then filed a second PCR petition, renewing his constitutional due process claims. The circuit court denied and dismissed the petition as being time-barred, successive-writ barred, and barred by the doctrine of res judicata. While the claims are excepted from the procedural bars, we affirm the denial and dismissal of Higginbotham's PCR petition on other grounds.

### FACTS

¶2. Higginbotham is currently serving life without parole for the murder-for-hire of L. S. "Tooter" Vowell Jr. A few days before the murder, Tooter's wife, Sandra, shared that she was having problems with her husband and that she wanted him to die. Higginbotham asked Sandra how much she was willing to pay to have Tooter killed, and the two agreed on an unspecified amount.

¶3. On the day of the murder, Sandra called Higginbotham to tell him that Tooter was headed to his chicken farm. Higginbotham and his cousin drove to the farm and waited. Once Tooter arrived, Higginbotham followed him into the chicken house. Inside, Higginbotham shot Tooter. When Tooter survived the gunshots, Higginbotham then beat him to death.

¶4. Higginbotham was subsequently arrested and indicted on one count of capital murder and one count of armed robbery. Thereafter, he pled guilty to capital murder in exchange for a sentence of life without parole and dismissal of the robbery charge.

¶5. Following his plea, Higginbotham sought postconviction relief, asserting constitutional due process violations. Higginbotham claimed that he received ineffective assistance of counsel. He argued that his defense counsel failed to adequately investigate his mental competence and request a competency hearing. He also alleged that the circuit court erred by not ordering a competency hearing prior to accepting his guilty plea and also by not ordering an evidentiary hearing after his conviction. Lastly, Higginbotham argued that both his defense counsel and the circuit court misrepresented the sentences available to him.

2

¶6. The circuit court denied the petition, and Higginbotham appealed to this Court. We found that Higginbotham's claim lacked merit and affirmed. *Higginbotham v. State*, 122 So. 3d 1205, 1209-11 (¶¶ 8, 14, 16) (Miss. Ct. App. 2013), *cert. denied*, 123 So. 3d 450 (Miss. 2013).

¶7. Higginbotham then filed a subsequent PCR petition, which is the subject of this appeal. In his second petition, Higginbotham raised similar competency issues and attached a psychological evaluation from 2003 in support. He also re-alleged that both his defense counsel and the circuit court misrepresented the sentences available to him should he have elected to go to trial. Additionally, Higginbotham claimed the trial judge improperly intervened in the plea-negotiations process. The circuit court denied and dismissed the motion as time-barred, successive-writ barred, and without merit. Higginbotham now appeals.

## STANDARD OF REVIEW

¶8. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Funchess v. State*, 283 So. 3d 214, 216 (¶3) (Miss. Ct. App. 2019), *cert. denied*, Order, No. 2018-CT-00517-SCT (Miss. Sept. 19, 2019).

## ANALYSIS

¶9. On appeal, Higginbotham argues that the trial court erred by failing to order a

competency hearing before accepting his guilty plea and by not ordering an evidentiary hearing on his PCR claim, presenting the same arguments as before. He also contends that he was denied due process at sentencing because he was misled as to the sentences available to him and because the trial judge interfered in the plea-negotiations process.

## I. Higginbotham's claims do not survive the procedural bars.

¶10. Higginbotham's claims come nearly ten years after his conviction and subsequent to a previous PCR petition, which alleged nearly identical arguments. For these reasons, the circuit court held that Higginbotham's claims were time-barred, successive-writ barred, and barred by the doctrine of res judicata.

¶11. A PCR petition following a guilty plea must be filed "within three (3) years after the entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Supp. 2009). A second or successive petition brought under the Mississippi Uniform Post-Conviction Collateral Relief Act is presumptively barred. Miss. Code Ann. §§ 99-39-23(6) (Supp. 2009), 99-39-27(9) (Supp. 2008).

¶12. Excepted from these bars are errors affecting a fundamental constitutional right. *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). "[N]o discretion is afforded when deciding whether to except a claim involving a fundamental constitutional right from procedural bars." *Id*. at (¶11). Even though a PCR petition may come after the three-year deadline, if it alleges an error affecting a fundamental constitutional right, it will not be time-barred. *Ivy v. State*, 731 So. 2d 601, 603 (¶14) (Miss. 1999). The same applies to successive

4

pleadings. *Smith v. State*, 149 So. 3d 1027, 1031 (¶9) (Miss. 2014), *overruled on other grounds by Pitchford v. State*, 240 So. 3d 1061, 1068 (¶¶37-38) (Miss. 2017).

¶13. The circuit court also found that Higginbotham's claims were barred by the doctrine of res judicata. However, res judicata does not apply because "the Uniform Post-Conviction Collateral Relief Act contains no substantive res judicata bar to a second PCR [petition]." *Id*. "[N]either the common law or our own constitutional law applies the doctrine of res judicata to constitutional claims." *Id*. at 1032 (¶11).

¶14. Among the excepted fundamental rights are the right to due process at sentencing and the right not to be convicted while incompetent. *Rowland v. State*, 98 So. 3d 1032, 1036 (¶6) (Miss. 2012), *overruled on other grounds by Carson v. State*, 212 So. 3d 22, 32-33 (¶38) (Miss. 2016); *Smith*, 149 So. 3d at 1031 (¶8) ("The constitutional right not to be tried or convicted while incompetent is a component of a defendant's due-process right to a fair trial.").

¶15. However, "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Funchess*, 283 So. 3d at 216 (¶5). "There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015).

¶16. Here, Higginbotham alleges violations of his fundamental right not to be convicted while incompetent and his right to due process at sentencing. Consequently, we must review the merits of Higginbotham's claims to determine if they survive the procedural bars.

## II. The trial court did not have reasonable grounds to order a competency hearing.

¶17. Higginbotham argues the trial court should have held a competency hearing because he was not competent to enter a valid guilty plea. The circuit court dismissed this claim, finding it was not one of the fundamental rights excepted from the procedural bars. Although the circuit court erred by finding that competency challenges are not a fundamental right, we affirm the dismissal on other grounds.

¶18. "It is a violation of due process to try and convict a criminal defendant who is legally incompetent." *Pitchford v. State*, 240 So. 3d 1061, 1067 (¶30) (Miss. 2017). "This prohibition is fundamental to our adversarial system of justice, and such circumstances denies a defendant's right to a fair trial." *Id*.

¶19. A criminal defendant is presumed competent to stand trial. *Id*. at (¶32). "And the defendant bears the burden to prove by substantial evidence that he or she is mentally incompetent to stand trial." *Id*. (quotation mark omitted). However, the trial court shall hold a competency hearing if it has reasonable grounds to believe that the defendant is mentally incompetent. Uniform Rule of Circuit County Court Practice 9.06.[1] "[W]hether a trial court has a 'reasonable ground' to suspect incompetency is addressed to the discretion of the trial

---

[1] At the time Higginbotham entered his guilty plea, Rule 9.06 of the Mississippi Uniform Rules of Circuit and County Court Practice controlled competency to stand trial. This provision has since been abrogated by Mississippi Rule of Criminal Procedure 12.2, which became effective July 1, 2017. *Thomas v. State*, 249 So. 3d 331, 341 (¶30) & n.3 (Miss. 2018).

judge." *Bradley v. State*, 116 So. 3d 1093, 1095 (¶13) (Miss. Ct. App. 2013) (quoting *Harden v. State*, 59 So. 3d 594, 601 (¶14) (Miss. 2011)).

¶20.    "The standard of review for an appellate court to determine if there was an abuse of discretion is whether the [court] received information which, objectively considered, should reasonably have raised a doubt about the defendant's competence and alerted the [court] to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense." *Id*. at 1095-96 (¶14) (quoting *Goff v. State*, 14 So. 3d 625, 644 (¶66) (Miss. 2009)).

¶21.    The record reflects that neither Higginbotham nor his trial counsel requested a competency hearing.  Further, the trial court ascertained Higginbotham's competency during the plea colloquy and again at the sentencing hearing.  The court asked Higginbotham if the plea petition had been read to him, if he understood the petition, and if he suffered any "disabilities of mind that would affect [his] ability to understand what's going on . . . ." Higginbotham affirmed that he understood the charges and proceedings.

¶22.    The trial court also asked Higginbotham's defense counsel if he was "satisfied that [Higginbotham] has the mental capacity to comprehend, understand, and waive his constitutional rights."  Defense counsel, in possession of Higginbotham's medical record, stated yes.

¶23.    Higginbotham has failed to present evidence that the trial court had reasonable grounds to believe he was not competent to enter a guilty plea.  Higginbotham and his

defense counsel affirmed that he comprehended the proceedings and the ramifications of his pleading guilty.

¶24. Based on the plea colloquy and sentencing hearing, the trial court was within its discretion to not order a competency hearing. Accordingly, we find that the trial court did not abuse its discretion in this finding. This issue is without merit, and we will not reverse the circuit court's ruling on this matter.

### III. The evidence presented did not warrant an evidentiary hearing.

¶25. Higginbotham argues that the circuit court erred in denying his PCR petition without first conducting an evidentiary hearing. He contends that he was entitled to an evidentiary hearing on the claim that he was not competent to enter a valid guilty plea.

¶26. "The purpose of an evidentiary hearing is for the court to receive evidence in order to make findings of fact." *Williams v. State*, 752 So. 2d 410, 414 (¶13) (Miss. Ct. App. 1999). "The trial court has considerable discretion in determining whether to grant an evidentiary hearing." *Magee v. State*, 270 So. 3d 225, 229 (¶14) (Miss. Ct. App. 2018) (internal quotation marks omitted). "A trial court may summarily dismiss a petition for PCR, without having held an evidentiary hearing, when it is clear that the petitioner is not entitled to relief." *Id*.

¶27. In support of his claim, Higginbotham provided a psychological evaluation from the Mississippi Disability Determination Services from 2003. The evaluation revealed that Higginbotham had a verbal IQ of 63, a performance IQ of 65, and a full scale IQ of 61.

¶28.    Although the evaluation indicates that Higginbotham has a low IQ, that does not require us to conclude he was incompetent to plead guilty. "There is no requirement that a person possess a certain intelligence level as measured by IQ testing or have participated in a certain curriculum in order to enter a guilty plea." *Tenner v. State*, 868 So. 2d 1067, 1069 (¶9) (Miss. Ct. App. 2004). Furthermore, the evaluation did not find Higginbotham was incompetent to enter a guilty plea.

¶29.    Because Higginbotham did not provide evidence supporting his claim of incompetence, an evidentiary hearing was not required. This issue is without merit.

**IV.    Higginbotham was not misled as to the sentences he was eligible for.**

¶30.    Higginbotham claims he was denied due process at sentencing. He alleges that he was misled regarding the sentences he would be eligible for should he have elected to go to trial.

¶31.    Higginbotham was sentenced for the crime of capital murder under Mississippi Code Annotated section 97-3-21 (Rev. 2006). "Every person who shall be convicted of capital murder shall be sentenced (a) to death; (b) to imprisonment for life in the State Penitentiary without parole; or (c) to imprisonment for life in the State Penitentiary with eligibility for parole as provided in [the parole eligibility statute]." Miss. Code Ann. § 97-3-21. Under the parole-eligibility statute "[n]o person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except that an offender convicted of only nonviolent crimes after June 30, 1995, may be eligible for parole . . . ." Miss. Code Ann.

9

§ 47-7-3(1)(f) (Rev. 2015); *cf.* Miss. Code Ann. § 47-7-3(1)(g) (Supp. 2005).

¶32. Higginbotham was convicted of a violent crime in March 2008. Under Mississippi law, he was only eligible for either a sentence of life imprisonment without parole or death. The transcript shows Higginbotham was told that if he went to trial he would be eligible for either a sentence of life without parole or the death penalty. Accordingly, Higginbotham was not misled about the possible sentences he might serve. This issue is without merit.

**V.     The trial judge did not interfere with the plea negotiations.**

¶33. Higginbotham also alleges he was denied due process because the trial judge "intereven[ed] in the plea negotiations[.]" Mississippi judges are expressly prohibited from participating in plea negotiations. URCCC 8.04(B)(4).[2]

¶34. Although Higginbotham argues this claim is excepted from the procedural bars, it is based on factual events which occurred *prior* to sentencing. Therefore, it is not excepted and is barred.

¶35. Nonetheless, after a thorough review of the plea-hearing transcript, there is no evidence the trial judge acted improperly or participated in the plea negotiations. During the plea hearing, the trial judge verified the terms of the plea deal Higginbotham had already made with the State. The judge also ensured that Higginbotham was afforded an opportunity

---

[2] At the time Higginbotham entered his guilty plea, Rule 8.04(B)(4) of the Mississippi Uniform Rules of Circuit and County Court was still in effect. This provision has since been superseded by Mississippi Rule of Criminal Procedure 15.4(a), which became effective July 1, 2017.

to confer with his counsel regarding any possible defenses. The record does not show any interference in the plea negotiations. Accordingly, this issue is without merit.

## CONCLUSION

¶36.    Having found no merit to Higginbotham's claims, we affirm the denial and dismissal of his petition for postconviction relief.

¶37.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND LAWRENCE, JJ., CONCUR. TINDELL AND C. WILSON, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**